## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

GWYNDOLYN STALLWORTH,         *

                   *

      Plaintiff,                 *

                   *

       v.                   *   Case No. ___DA -662 . C___

                   *

SAM JOHNSON, JR., individually and in his  *

official capacity as an employee of Wallace  *

Community College; Dr. Gail May,      *

individually and in her official capacity at   *

Wallace Community College; Dr. James    *

Mitchell, individually and in his official    *

capacity as President of Wallace Community  *

College; and Wallace Community College,   *

                   *

      Defendants.              *

FILED OCT 15 '04 PM 3:16 USDCALS

### COMPLAINT

COMES NOW THE Plaintiff, and states the complaint against the Defendants as set forth hereinbelow:

### I.   JURISDICTION

1.     The Plaintiff files this action and institutes these proceedings, pursuant to 28 U. S. C. § 1331and 28 U.S.C. § 1343, to secure rights established by the Constitution and laws of the United States, including provisions of the Fourteenth Amendment to the Constitution; 42 U.S.C. § 1983; 20 U.S.C. § 1681, *et seq.;* Title IX of the Education Amendments of 1972, as amended, and the implementing regulations thereof, 34 CFR 106.1 *et seq.* This Court is asked to exercise pendent jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### II.   PARTIES

2.     Plaintiff Gwyndolyn Stallworth is an individual over the age of 19 years of age who

is currently residing in Dallas County, Alabama.

3.      Defendant Gail May is an individual over 19 years of age who is currently residing in Dallas County, Alabama. Ms. May is being sued individually and in her official capacity as an employee of Wallace Community College.

4.      Through its members, the Defendant, Wallace Community College, is charged with the responsibility for the administration and management of the programs and activities of education at Wallace Community College. Wallace Community College has a responsibility for the supervision of its employees, including teachers and administrators. Wallace Community College has a responsibility for insuring compliance with those laws and regulations affecting post secondary education, including Title IX of the Education Amendments of 1972, as amended, and the regulations promulgated thereunder. Wallace Community College is a recipient of federal funds under a variety of programs and has given its assurance of compliance with all requirements attached to the receipt of those funds.

5.      Defendant James Mitchell is an individual over 19 years of age currently residing in Dallas County, Alabama. Mr. James Mitchell, who is the President of Wallace Community College and who has served in that capacity at all times relevant to this action, is being sued individually and in his official capacity as an employee of Wallace Community College.

6.      Defendant Sam Johnson, Jr. is an individual over 19 years of age currently residing in Dallas County, Alabama. Mr. Sam Johnson, Jr. is being sued individually and in his official capacity as an employee of Wallace Community College.

### III.   STATEMENT OF FACTS

7.      At all times material hereto, Defendant Sam Johnson, Jr. was employed by Wallace

2

Community College.

8.     At all times material hereto, Defendant Sam Johnson, Jr. taught the carpentry class at Wallace Community College.

9.     At all times material hereto the Plaintiff was enrolled as a carpentry student at Wallace Community College from on or about August 2002 to July 2003, and was a student of Defendant Sam Johnson, Jr. up through May 2003. The Plaintiff re-enrolled in Wallace Community College as a carpentry student in August 2003, where she remains.

10.     At all times material hereto, certain Defendants, namely, President James Mitchell and Ms. Gail May, had a duty and responsibility to supervise the activities of Defendant Sam Johnson, Jr.

11.     At all times material hereto Wallace Community College was responsible for assuring that the Plaintiff would be protected from the actions of Defendant Sam Johnson, Jr.  In addition to its statutory and designated duties, Wallace Community College also sets policy and procedure for the conduct of the personnel of Wallace Community College.  Wallace Community College has a duty to design and enforce a policy and procedure regarding any criminal allegation or investigation, including, but not limited to, allegations of sexual harassment and abuse made by students, as well as policy and procedure regarding the hiring, retention, and/or termination of employees involved in the sexual abuse and harassment of students.  Said Defendant Wallace Community College did not follow any policy and procedure thereby allowing Defendant Sam Johnson, Jr. the continued opportunity to sexually harass Plaintiff Stallworth.

12.     Plaintiff avers that Defendant Sam Johnson, Jr. subjected her to sexual harassment and abuse while she was his student at Wallace Community College.  In particular, the Plaintiff

3

asserts that she was, on account of her gender (female), sexually harassed by Defendant Sam Johnson, Jr. for a substantial period of time while she was his student at Wallace Community College during the 2002/2003 school year. Substantially all of the incidents of sexual harassment and/or assault occurred in the classroom or an off campus classroom setting during times that said Defendant was supposed to be providing instruction to his students.

13.     Plaintiff asserts that Defendant Sam Johnson, Jr. engaged in a pattern and practice of sexually harassing her by, among other things, grabbing her breasts and her buttocks, by brushing/pressing his body up against hers on a regular basis, by making sexually offensive gestures and comments to her and by retaliating against her when she rejected his sexual overtures.

14.     This pattern and practice of sexual assault and misconduct, in addition to retaliation, on the part of Defendant Sam Johnson, Jr. at Wallace Community College created a sexually hostile education environment and complaints relating to the same were reported as early as November 2002 to school official, Ms. Gail May. She however failed to take appropriate action to stop the ongoing sexual harassment, thereby ratifying the same.

15.     Plaintiff avers that Defendant James Mitchell failed to take appropriate action against Defendant Sam Johnson, Jr., with knowledge that the Defendant Sam Johnson, Jr. would continue to victimize Plaintiff Stallworth if he remained employed as an instructor at Wallace Community College and thereby ratified the same.

16.     Subsequently thereto, certain school officials began behaving in a hostile manner toward Plaintiff Stallworth making her educational environment more difficult and making her very uncomfortable.

4

## IV.   CAUSES OF ACTION

### COUNT I
**[Title IX of the Education Amendments of 1972]**

17.      Plaintiff re-alleges all of the above and foregoing paragraphs as if set out fully herein.

18.      The Defendant Wallace Community College is a recipient of federal funds under a variety of assistance programs. As such, Wallace Community College is subject to the terms of Title IX of the Education Amendments of 1972 and its implementing regulations.

19.      School officials' knowledge of the sexually hostile education environment and sexual harassment to which the Plaintiff was subjected at the hands of said officials' agent and their failure to respond and/or their inadequate response amounted to deliberate indifference and thereby has had the effect of denying the Plaintiff access to the educational opportunities provided by the college and/or the benefits of the educational programs operated by Wallace Community College.

20.      Moreover, as a recipient of federal funds, Wallace Community College and its agents were required to give assurance to the federal funding agencies that they were in compliance with all terms and conditions including the requirements of Title IX and its implementing regulations in order to receive federal financial assistance.

21.      As a result of the conduct of Wallace Community College and its agents as described herein and in this complaint, Wallace Community College has failed to abide by the assurance of compliance with Title IX to the consequential injury of the Plaintiff.

22.      The Plaintiff has suffered, continues to suffer and will in the future suffer significant pain and suffering, mental anguish, and emotional distress.

5

## RELIEF REQUESTED

23.    The foregoing considered, the Plaintiff respectfully requests that the Court grant her the following relief and such other relief as the Court may deem proper and appropriate:

24.    An injunction requiring Wallace Community College to provide immediate effective counseling and therapeutic services to the Plaintiff;

25.    An injunction requiring Wallace Community College to implement and genuinely administer a system of investigating allegations of potential sexual abuse and harassment and to act appropriately upon the results of their investigation;

26.    An injunction requiring Wallace Community College to bring itself into compliance with the requirements of Title IX of the Education Amendments of 1972, in order to prevent future incidents of sexual abuse and harassment;

27.    Compensatory and punitive damages in an amount adequate to compensate the Plaintiff for her injuries and to punish and deter Wallace Community College and others from such violations in the future;

28.    An award of costs and attorneys' fees, if applicable; and,

29.    Such other and different relief as the court may deem appropriate.

## COUNT II
### [42 U.S.C. § 1983]

30.    Plaintiff re-alleges all of the above and foregoing paragraphs as if set out fully herein.

31.    The Defendants, President James Mitchell, Gail May, Sam Johnson, Jr. and Wallace Community College members are entrusted with the security of students like the Plaintiff who are placed by operation of law into their charge.

6

32.     The Plaintiff's right to personal safety, security and privacy, guaranteed by the Fourteenth Amendment, was violated when the Defendants failed to prevent a teacher in their employ from sexually harassing her.

33.     The Defendants demonstrated deliberate indifference when they failed to develop, implement or administer procedures or policies reasonably designed to provide protection for the Plaintiff from sexual harassment.   This deliberate indifference constitutes a violation of the Plaintiff's substantive due process and equal protection rights as secured by the Fourteenth Amendment.

34.     The failure of the Defendants to protect the Plaintiff from harm and from further harm after the Defendants received notice of the sexual harassment and abuse and the potential for sexual harassment and abuse of the Plaintiff at the hands of a teacher employed by the Defendants demonstrates the Defendants' deliberate indifference to the constitutional rights of the Plaintiff and such failure caused a constitutional injury to the Plaintiff and constitutes a violation of the Plaintiff's substantive due process and equal protection rights as secured by the Fourteenth Amendment.

35.     The right of the Plaintiff to be secure from sexual abuse and harassment from school employees was at all relevant times clearly established in the law.   Moreover, the actions and inactions of the Defendants described hereinabove were carried out by the Defendants while acting under color of state law.   Therefore, the failure of Wallace Community College members, President James Mitchell and Gail May, while acting under the color of state law, to timely and properly investigate complaints made against the teacher, Defendant Sam Johnson, Jr., and to implement and enforce policies and procedures designed to prevent teacher/student sexual abuse and harassment, constitute violations of the Plaintiff's clearly established legal rights and as such creates liability on

7

behalf of the Defendants.

## RELIEF REQUESTED

36.     The foregoing considered, the Plaintiff respectfully requests that the Court grant her

the following relief:

37.     Damages in an amount adequate to compensate the Plaintiff for her injuries and to

punish the Defendants and deter the Defendants and others from such violations in the future;

38.     Such other relief including equitable relief as the Court may deem just and

appropriate;

39.     An award of costs and attorney fees, if applicable; and

40.     Such other relief as the Court may deem appropriate.

## COUNT III
### [Assault and Battery]

41.     Plaintiff re-alleges all of the above and foregoing paragraphs as if set out fully herein.

42.     Defendant Sam Johnson, Jr. sexually assaulted and battered the Plaintiff as set forth

with specificity hereinabove.

43.     The actions of Defendant Sam Johnson, Jr. were malicious, wicked, wanton, and

oppressive, or in the alternative, were gross and malicious and intended to injure the Plaintiff. The

actions of Defendant Sam Johnson, Jr. also constituted conduct involving actual malice, or in the

alternative, constituted a pattern and practice of intentional wrongful conduct.

44.     As a proximate result of Defendant Sam Johnson, Jr.'s assault(s) and battery, the

Plaintiff has suffered, continues to suffer and will in the future suffer, significant pain and suffering,

mental anguish and emotional distress. The Plaintiff has been humiliated, embarrassed, held up to

8

public scorn and derision, and her good name, character and reputation has been impugned and damaged.

WHEREFORE, THE PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants each of them in their individual capacity, jointly and severally for all compensatory and punitive damages recoverable at law in an amount to be determined by a jury, for the purpose of adequately compensating the Plaintiff and sufficiently punishing the Defendants for their wrongful conduct and to deter such similar wrongful conduct in the future, plus interest and costs.

## COUNT IV
### (Outrage/Intentional Infliction of Emotional Distress)

45.     Plaintiff re-alleges all of the above and foregoing paragraphs as if set out fully herein.

46.     Plaintiff alleges that the Defendant Sam Johnson  intentionally and recklessly caused her to suffer extreme emotional distress by his outrageous misconduct which is specified with particularity in the above and foregoing paragraphs.

47.     The actions of said Defendant toward the Plaintiff were so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and are so atrocious as to be utterly intolerable in a civilized society.

48.     Said Defendant acted with the intention of causing the Plaintiff extreme emotional distress and with the knowledge that his actions would result in extreme emotional distress to the Plaintiff. The emotional distress that said Defendant caused the Plaintiff to suffer was so severe and so outrageous that no reasonable person could be expected to endure it.

49.     The action of said Defendant was malicious, wicked, wanton and oppressive, or in the alternative, was gross, malicious, oppressive and was intended to injure the Plaintiff. The action

of said Defendant constituted conduct involving actual malice, or in the alternative, constituted a pattern and practice of intentional wrongful conduct.

50.     As a proximate result of the aforesaid misconduct, the Plaintiff has suffered, continues to suffer and will in the future suffer, significant psychological injury, pain and suffering, mental anguish and emotional distress.  The Plaintiff has been humiliated, embarrassed, held up to public scorn and derision, and her good name, character and reputation has been impugned and damaged.

WHEREFORE, THE PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants, each of them in their individual capacity, jointly and severally for all compensatory and punitive damages recoverable at law in an amount to be determined by a jury, for the purpose of adequately compensating the Plaintiff and sufficiently punishing the Defendants  for their wrongful conduct and to deter such similar wrongful conduct in the future, plus interest and costs.

### COUNT V
### (Invasion of the Right to Privacy)

51.     The Plaintiff re-asserts all of the above and foregoing paragraphs as if set out fully herein.

52.     Defendant Sam Johnson, Jr. wrongfully and intentionally invaded the Plaintiff's privacy, physical solitude and/or seclusion.  As such, Defendant Johnson caused the Plaintiff to suffer severe anxiety and emotional distress.

53.     Defendant Sam Johnson, Jr.'s above-described intentional actions constituted an actionable invasion of the Plaintiff's right to privacy.

WHEREFORE, THE PREMISES CONSIDERED, the Plaintiff demands judgment against

10

the Defendants each of them in their individual capacity, jointly and severally for all compensatory and punitive damages recoverable at law in an amount to be determined by a jury, for the purpose of adequately compensating the Plaintiff and sufficiently punishing the Defendants for their wrongful conduct and to deter such similar wrongful conduct in the future, plus interest and costs

Respectfully submitted this the 15th day of October, 2004.

Gwyndolyn Stallworth
Pro Se
110 North Maxey Street
Selma, Alabama  36702

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Gwyndolyn Stallworth